IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAAC NARANJO | : CIVIL ACTION |
| v. | : |
| THE PHILADELPHIA CITY, et al. | : NO. 14-7260 |

M E M O R A N D U M

GOLDBERG, J.                                          JANUARY 9th, 2015

      Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against the City of Philadelphia, the District Attorney of Philadelphia, the Philadelphia County Public Defender's Office, a Philadelphia Municipal Court Judge, a Philadelphia Court of Common Pleas Judge, three Pennsylvania Superior Court Judges, six defense attorneys, and an assistant district attorney.  He is challenging his conviction and sentence for attempted murder.

      For the following reasons, plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

      Judges have absolute immunity from civil rights actions seeking money damages for actions performed in a judicial capacity.  Stump v. Sparkman, 435 U.S. 349 (1978).  Nothing in this complaint suggests that Judge Georgeanne V. Daher, Judge Rayford A. Means, Judge Correale F. Stevens, Judge Mary Ann Bowes or Judge James J. Fitzgerald, III were acting outside of their judicial capacity in connection with plaintiff's criminal case.  Therefore, the claims against Judge Daher, Judge Means, Judge Stevens, Judge Bowes and Judge Fitzgerald will be dismissed.

      The doctrine of absolute immunity shields prosecutors

from liability related to their official acts. Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976). A prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." Id. at 410. Plaintiff's claims against the Philadelphia District Attorney's Office and Assistant District Attorney Jennifer Bretschneider will be dismissed because there is nothing in the complaint to suggest that they acted outside of the scope of their prosecutorial duties in connection with plaintiff's criminal case.

In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). A defense attorney, whether court-appointed or privately retained, represents only his client, and not the state, and cannot be sued under § 1983. Polk County v. Dodson, 454 U.S. 312 (1981). Therefore, the Philadelphia County Public Defender's Office, Attorney Flo Messier, Attorney David Santee, Attorney Jeffrey Azzarano, Attorney Dennis T. Kelly, Attorney Andrew Gay and Attorney Elayne C. Bryn may not be sued in this action, and plaintiff's claims against them must be dismissed. Although plaintiff alleges that Attorney Santee and Attorney Bryn were involved in a conspiracy with Judge Means and the District Attorney and an Assistant District Attorney, these bald assertions are insufficient to support a conspiracy based claim against these defendants in this action. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (conspiracy claims may be

dismissed as legally frivolous where claims are not based on fact, but rather on plaintiff's suspicion and speculation).

Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations or enactments. Monell v. Department of Social Services, 436 U.S. 658 (1978). There is no such allegation in the present complaint. Therefore, the claims against the City of Philadelphia will also be dismissed.

Plaintiff is alleging that he was improperly convicted and sentenced for attempted murder. However, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Plaintiff does not state that his conviction has been reversed or otherwise invalidated.

Finally, in his prayer for relief, plaintiff is requesting release from incarceration. Such a request may only be brought in a petition for a writ of habeas corpus, not a 1983 action. Preiser v. Rodriguez, 411 U.S. 475 (1973).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be

inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Here, plaintiff will not be given leave to amend because amendment would be futile, as he cannot cure the above deficiencies in his complaint.